UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
MODERATE PARTY OF RHODE ISLAND,     )
            Plaintiff,              )
                                    )
   vs.                              )   C.A. No. 10-265 S
                                    )
PATRICK C. LYNCH, in his official   )
capacity as Attorney General for the)
State of Rhode Island, and FRANK    )
CAPRIO, in his official capacity as )
General Treasurer of the State of Rhode )
Island,                             )
            Defendants.             )
_____ )

**ORDER**

WILLIAM E. SMITH, United States District Judge.

In this case, Plaintiff Moderate Party of Rhode Island brings a constitutional challenge to Chapter 30 of Title 44 of the Rhode Island General Laws, which creates a tax credit for contributions to the "public financing of the electoral system." R.I. Gen. Laws § 44-30-2(d). Under the law, taxpayers may either designate a political party to receive the donation, or specify that it should go into a "nonpartisan account." Id. § 44-30-2(d)(1). In the latter case, the state distributes the money to political parties in proportion to the votes they garnered in the most recent gubernatorial election. See id. § 44-30-2(d)(2). Plaintiff asserts that this system unfairly burdens political parties established too recently to have been on the ballot in the last election, and therefore violates the

Equal Protection clause of the Fourteenth Amendment, as well as the First Amendment.

Plaintiff moved for a preliminary injunction preventing the state from distributing last year's donations on September 1, 2010, as required by the law.  In response, Defendant Frank Caprio, state Treasurer, moved for summary judgment, primarily on grounds that § 44-30-2(d)(2) is constitutional, and asked that the Complaint therefore be dismissed.[1]  Plaintiff then cross-moved for summary judgment.  On August 5, 2010, the Court held a consolidated hearing on the motions for a preliminary injunction and for summary judgment.  At the close of the hearing, the Court informed the parties that, because time is of the essence, it intended to issue its ruling on all pending motions in short order, and to publish an opinion setting forth a more thorough explanation of the reasons in due course.

The Court concludes that Plaintiff has not carried its burden to prove that § 44-30-2(d)(2) violates the Constitution. Accordingly,

>  (1) Plaintiff's motion for a preliminary injunction is hereby DENIED;
>
>  (2) Plaintiff's motion for summary judgment is also DENIED; and

---

[1] Since filing the Complaint, Plaintiff has agreed to voluntarily dismiss Defendant Patrick C. Lynch, Attorney General of Rhode Island, from the case.

(3) Defendant's motion for summary judgment is hereby GRANTED.

Plaintiff's Complaint therefore shall be dismissed.  Judgment shall not enter in favor of Defendant until the Court issues its opinion setting forth the full legal analysis supporting its rulings.

IT IS SO ORDERED.


/s/ *William E. Smith*
William E. Smith
United States District Judge
Date:  August 13, 2010